Mr. Chief Justice Sharkey
delivered the opinion of the court.
This action was debt on a writing obligatory for the sum of $3030, dated the 30th of November, 1839, and payable on the 1st of January, 1841. The defendant filed two pleas. 1st, that the writing obligatory was given for certain negroes which the plaintiff below warranted sound, but that part of them were unsound. To this the plaintiff repliedj that he did not warrant the negroes sound. 2d, that the writing obligatory was given for negroes introduced into this state as merchandise, and for sale since the 1st day of May, 1833, to wit, in 1836. The case was submitted to the jury without any charge, who returned a verdict for the plaintiff, whereupon the defendant moved for a new trial, because the verdict was contrary to law and evidence which the court overruled. The question is, did the court err in overruling the motion %
A question is raised on the replication to the first plea, and *134 the proof under that issue, which, it is insisted, is sufficient, without regard to the proof under the second plea, to entitle the defendant to a new trial. The issue seems to have been narrowed down to this; did the plaintiff make a warranty of soundness 1 The defendant introduced the bill of sale, which contains this language: “which negroes I warrant sound and healthy in body and mind, so far as I know or believe.” That this was a warranty of soundness, we think cannot admit of a doubt. The instrument is to be construed in favor of the vendee, and against the vendor. If this language did not constitute a warranty, if was entirely useless. It left the purchaser just where he would have been without any declaration, written or verbal, from the vendor. If he had sold without saying anything, knowing of unsoundness, the purchaser could have maintained his action for deceit, without any such warranty. The insertion of language which defeats the whole force of the contract, does not change its legal effect; it is to be disregarded.
It is unnecessary to sum upor recapitulate the proof under the second issue. It shows beyond all doubt that the negroes sold to the plaintiffs in error, by the defendant in error, were introduced into this state as- merchandise, in the fall of 1836, by McCargo. It seems that the original price was $13,000, for which a bill of exchange was given, but which was not paid. A compromise afterwards took place, and the plaintiff Collins gave a note and lifted the bill. On the 30th of November, 1839, another compromise was made, by which Collins was to give up all of the negroes that were living, and to execute a note with Cooper as surety for $3000, which was to be paid by the delivery of fifty bales of cotton. Collins did deliver four negroes to McCargo, and took his receipt, bearing date the 30th of November, 1839, for which McCargo agreed to allow him one thousand dollars for each negro; but whether these were the only negroes of the lot sold, then living, or not, does not appear. The original contract was beyond all question void. Did these renewals and compromises change its character 1 The original contract being void, no valid agreement could be made to rest *135 upon the same consideration. They are all void so long as they can be traced back, and made to depend upon the original illegal consideration. Suppose we should consider the bill of exchange as the consideration of the note, that would not mend the matter. It . was a mere nullity, and could not be made to •support a valid contract between the same parties.
But it is insisted by counsel, that although the original contract was void, yet it was competent for the plaintiffs in error to make a valid contract for the use or hire of the negroes while they were in their possession. It is a sufficient answer to this, to say that there is no proof whatever that this writing obligatory was executed for that purpose. If such was the consideration, it was incumbent on the plaintiff to show it by rebutting proof.
We think the verdict was not sustained by the evidence, and that the court should have granted the new trial.